Vikki B. STRINGER, Administratrix of
the Estate of Ricky Dowd Stringer,
Deceased, Relator,

v.

The ELEVENTH COURT OF
APPEALS, Respondent.

No. C–5329.

Supreme Court of Texas.

July 2, 1986.

Rehearing Denied Jan. 7, 1987.

R. Temple Dickson, Moore, Dickson, Roberts & Ratliff, Inc., Sweetwater, J. Donald Bowen and David R. Miller, Helm, Pletcher, Hogan, Bowen & Saunders, Houston, for relator.

Zollie C. Steakley, Wilks & Steakley, Sweetwater, William F. Peters and Brad G. Repass, Hudson, Keltner, Smith Brants & Sparks, Fort Worth, for respondent.

PER CURIAM.

This is an original mandamus action. Relator, Vikki Stringer, seeks a writ of mandamus directing the Court of Appeals for the Eleventh Supreme Judicial District to rescind its mandamus orders which found information obtained in a post-accident investigation privileged under TEX.R. CIV.P. 166b(3)(d) and also reversed the trial court's discovery sanctions order against defendant, the Atchison, Topeka and Santa Fe Railway Company. *Atchison, Topeka & Santa Fe Railway Company v. Kirk*, 705 S.W.2d 829. We hold the information is discoverable because it was not obtained at a time when Santa Fe had good cause to believe suit would be filed. The court of appeals abused its discretion by granting

mandamus relief from the sanctions order, because there was an adequate remedy by appeal. Therefore, the writ is conditionally granted.

The underlying lawsuit arose as the result of a collision between an Atchison, Topeka and Santa Fe Railway Company freight train and a Missouri-Pacific freight train in which R.D. Stringer, head brakeman of the Santa Fe train, was killed. Stringer's wife, Vikki, filed suit against Santa Fe.

Santa Fe Special Agent John Holem conducted an investigation of the accident. At his deposition Santa Fe permitted Holem to testify regarding information he obtained on the day of the accident. However, Santa Fe asserted that information Holem obtained thereafter, including his interview with the Santa Fe train conductor the day after the accident and his investigation notebook, were privileged under TEX.R. CIV.P. 166b(3)(d). The trial court rendered an order requiring disclosure of this information and later signed an order imposing sanctions of $200 as attorney's fees based on Santa Fe's failure to disclose.

In *Robinson v. Harkins & Company*, 711 S.W.2d 619 (1986), we held the investigation privilege embodied in TEX.R. CIV.P. 166b(3)(d) is still governed by the rule established in *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977). Only information obtained by a party after there is good cause to believe a suit will be filed or after the institution of a lawsuit is privileged.

We disagree with the Court of Appeals' holding that Santa Fe had good cause to believe a suit would be filed at the time of Agent Holem's investigation. The mere fact that an accident has occurred is not sufficient to clothe all post-accident investigations, which frequently uncover fresh evidence not obtainable through other sources, with a privilege.

In *Street v. Second Court of Appeals*, 715 S.W.2d 638 (1986), we held that a court of appeals abused its discretion by granting mandamus relief from a trial court's award of attorney's fees as discovery sanctions, because such awards are reviewable on appeal after final judgment under TEX.R.CIV.P. 215(2)(b)(8) and 215(3). For the same reason, we hold that the court of appeals' mandamus judgment requiring rescission of the sanctions order against Santa Fe was an abuse of discretion.

The court of appeals abused its discretion by issuing writs of mandamus in this case. The holdings conflict with our opinions in *Robinson v. Harkins & Company, supra,* and *Street v. Second Court of Appeals, supra,* as well as TEX.R.CIV.P. 166b(3)(d), 215(2)(b)(8) and 215(3). Therefore, without hearing oral argument, we conditionally grant the writ of mandamus pursuant to TEX.R.CIV.P. 483. If the court of appeals fails to vacate its orders, a writ of mandamus will issue.