**H.E. BUTT GROCERY COMPANY, Relator,**

v.

**Honorable Eugene C. WILLIAMS, Respondent.**

No. 04–88–00132–CV.

Court of Appeals of Texas, San Antonio.

April 29, 1988.

Rehearing Denied May 24, 1988.

Sharon E. Callaway, Groce, Locke & Hebdon, San Antonio, for relator.

A.J. Hohman, Jr., Hope, Hohman & Georges, San Antonio, for respondent.

Before CADENA, C.J., and ESQUIVEL and CANTU, JJ.

OPINION

ESQUIVEL, Justice.

Relator's petition for writ of mandamus conditionally granted.

H.E. Butt Grocery Company (hereinafter referred to as "H.E.B.") filed its petition for writ of mandamus in this Court, seeking relief from an order of the trial court granting plaintiff and real party in interest Victoria Vasquez's motion to compel and denying H.E.B.'s motion for protective order, thereby requiring H.E.B. to produce "any reports, memoranda, or witness statements generated before the date suit was filed." The documents in question were developed in connection with the investigation of a slip-and-fall incident at one of H.E.B.'s grocery stores in San Antonio on September 1, 1986, in which Vasquez contends she sustained injuries from a fall caused by liquid condensate and crushed grapes on the floor of the store involved. The trial court found that the documents ordered to be produced "were not privileged because prior to [the] date [on which suit was filed] defendant [H.E.B.] did not have good cause to believe that a suit would be filed."

Contending that the trial court abused its discretion in so ruling, H.E.B. urges that the documents were protected from discovery pursuant to exemption afforded witness statements under TEX.R.CIV.P. 166b(3)(b), as well as under TEX.R.CIV.P. 166b(3)(d), which protects party communications from disclosure. H.E.B. also invoked the attorney-client privilege and, specifically, that portion of the evidentiary rule which protects from disclosure communications between representatives of the client or between the client and a representative of the client, TEX.R.CIV.EVID. 503(b)(4). Basically, H.E.B. contends that the letter of representation sent to the company by an attorney retained by Vasquez was sufficient to provide good cause to believe that a suit would be filed regarding the incident and thereby to shield the witness statements of two H.E.B. employees taken following receipt of the letter, but prior to the date suit was actually filed.

ʽ A chronology of significant dates subsequent to the occurrence of the slip-and-fall incident at the H.E.B. store follows, in order to assist in understanding the respective contentions of the parties:

9/1/86 Slip-and-fall incident at H.E.B. occurred.

9/5/86 Letter of representation from attorney Raymond Rangel on behalf of Victoria Vasquez was sent to H.E.B., asserting a "claim against [H.E.B.]" and stating that his "clients [sic] will probably file suit" if H.E.B. did not respond within ten days, and that failure of H.E.B. or its attorneys to contact Rangel would leave "no choice but to file suit."

10/86 The two witness statements at issue in this proceeding were taken.

1/20/87 Lawsuit was filed against H.E.B. by attorney Rene Barrientos on behalf of Vasquez.

11/12/87 The depositions of the two witnesses (Leonard Medina and Samuel Martinez) were taken.

11/13/87 Request for production of the two witness statements was made to H.E.B. from attorney A.J. Hohman on behalf of Vasquez.

11/18/87 Objection to the request for production was sent to Hohman, citing TEX.R.CIV.P. 166b(3)(b) [now amended as TEX.R.CIV.P. 166b(3)(c)]; TEX.R.CIV.P. 166b(3)(d); and TEX.R.CIV. EVID. 503(b)(4), as grounds for exempting the requested documents from discovery.

2/10/88 Plaintiff filed Motion to Compel and for Sanctions.

2/12/88 Defendant filed Motion for Protection, with attached affidavit of Veronica Correa, claims representative for H.E.B., stating that the subject witness statements were taken after receipt of the September 5, 1986 letter from Rangel and that the statements were taken "in anticipation of litigation and for the purpose of defending against plaintiff's claim for money damages."

3/10/88 Hearing was held on both the Motion to Compel and for Sanctions and on the Motion for Protection.

3/16/88 Order Granting Plaintiff's Motion to Compel and Denying Defendant's Motion for Protection was signed by Judge Eugene C. Williams.

In support of its position, H.E.B. cited several recent decisions of the Supreme Court of Texas regarding the investigative privilege, and, particularly, the extension of protection from disclosure afforded to investigative documents generated prior to litigation at a time when there is good cause to believe that suit will be filed. In *Stringer v. Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986), the Supreme Court cited its prior decisions in *Robinson v. Harkins & Co.*, 711 S.W.2d 619 (Tex. 1986) and *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977), and concluded:

> Only information obtained by a party after there is good cause to believe a suit will be filed *or* after the institution of a lawsuit is privileged.

720 S.W.2d at 802 (emphasis added). H.E. B. asserts that the trial court obviously ignored the exemption *Stringer* provides before litigation is actually filed. In addition, H.E.B. cites *Turbodyne Corp. v. Heard*, 720 S.W.2d 802 (Tex.1986), for its recognition of the evidentiary burden which rests on the party resisting discovery to prove the evidence sought was acquired or developed *in anticipation of litigation.* Moreover, H.E.B. argues that the Supreme Court, by its amendment of TEX.R.CIV.P. 166b(3)(c) and (d), effective January 1, 1988, specifically added the "anticipation of litigation" element to the investigative privilege regarding witness statements and party communications, in order to conform the rules of civil procedure to the Court's holdings in *Stringer* and *Turbodyne.*

■ Victoria Vasquez counters H.E.B.'s assertions and argues that the mandamus should not be granted except where there is shown a clear abuse of discretion and that no such abuse had been demonstrated here. Vasquez also urges that H.E.B. waived its right to object to Plaintiff's Request for Production and is, therefore, not entitled to mandamus relief. Because Vasquez did not raise the waiver theory in the trial court, she is precluded from raising it in this Court. Therefore, we do not reach the merits of this argument, because an appellate court may not deal with disputed areas of fact in a mandamus proceeding, and, particularly, where the argument was not before the trial court. *See West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978); *see also Southwest Inns, Ltd. v. General Electric Co.*, 744 S.W.2d 258, 261 (Tex.App.— Houston [14th Dist.] 1987, no writ).

Vasquez urges also that there was substantial need of the materials sought, as well as undue hardship on her to obtain the substantial equivalent of the materials by other means. Because the trial court expressly stated in the proceedings that he did not reach the substantial need/undue hardship issue to determine the discoverability of the documents and that he was ruling against H.E.B. solely on the basis that it had no good cause to believe suit would be filed, we do not reach the merits of Vasquez's contentions on those grounds. The sole remaining determination is whether there was good cause to believe that suit would be filed following H.E.B.'s receipt of the letter of representation some four days after the slip-and-fall incident is alleged to have occurred.

H.E.B. relies on the recent decision of the El Paso Court of Appeals in *Phelps Dodge Refining Corp. v. Marsh*, 733 S.W.2d 359 (Tex.App.—El Paso 1987, orig. proceeding), in which that court, in an original mandamus proceeding, held that "good cause" to believe a suit will be filed requires "some outward manifestations of future litigation by the party having a cause of action...." The court noted that "[s]uch manifestations could include commencing an investigation of the accident, retaining an attorney or private investigator, and, of course, making a claim or demand for damages." *Id.* at 361. It is not disputed that Vasquez not only retained an attorney within four days of the slip-and-fall occurrence, but also made a letter claim for damages within that time. We find unpersuasive plaintiff's argument that her original attorney's letter to H.E.B. (stating that suit would be filed if H.E.B. did not contact him) merely stated a contingency that did not materialize within the period during which the witness statements were taken.

Finding that under the circumstances involved, H.E.B. had good cause to believe suit would be filed following its receipt of the letter of representation dated September 5, 1986, we hold that the trial court clearly abused its discretion in ruling that the requested reports, memoranda, or witness statements were not privileged, and accordingly, we order the trial court to vacate its order of March 16, 1988. Should the trial court fail to do so, the writ of mandamus will issue.