Carolyn Colene FOSTER, Relator,

v.

Honorable Wyatt H. HEARD, Judge of the 190th District Court, Harris County, Texas, Respondent.

No. 01-88-00348-CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 25, 1988.

Paul E. Knisely, Pat Kelly, Spivey, Grigg, Kelly & Knisely, Austin, for relator.

Mike Hays, Houston, TX for respondent.

Before STEPHANOW, JACK SMITH and COHEN, JJ.

---

## OPINION

STEPHANOW, Justice.

Relator seeks relief from the respondent's order excluding from discovery a post-accident investigation report made by the employees or agents of the real party-in-interest, Panhandle Eastern Pipe Line Company. Before this Court granted relator's motion for leave, Panhandle filed a response to relator's petition for writ of mandamus.

The relator's son was killed in an explosion on November 13, 1986 that occurred while the son was attempting to thaw a pipe at a Panhandle facility. On February 5, 1987, relator filed suit and then sought production of "all statements whether written or taken by electronic means given by any witness in this case and any documents in your possession signed by any such witness" and "all documents prepared by any person or persons concerning or relating to any investigations or safety audits performed in response to a request by the Defendant or its agents as a result of the incident in question."

Panhandle Eastern objected to the requests and filed a motion for protective order asserting that the report was privileged under Tex.R.Civ.P. 166b(3)(b) & (d). Attached to the motion was an affidavit by Kenneth Haile, an attorney with Panhandle, who swore that the report was made in anticipation of litigation. Haile supports this contention with a conclusive statement that the decedent was killed by the ignition of combustible vapors at a Panhandle facility and alleges that such anticipation was in "good faith."

The respondent conducted an in camera inspection of the report and declared in his written order that the report was not discoverable, but did not identify the privilege upon which he based his conclusion.

Rule 166b(3)(b) provides that the following are privileged and not discoverable:

[t]he identity, mental impressions and opinions of an expert who has been informally consulted or of an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial or any documents or tangible things containing such information if the expert will not be called as a witness....

Rule 166b(3)(d) provides that party communications are privileged and not discoverable:

[w]ith the exception of discoverable communications prepared by or for experts, and other discoverable communications, between agents or representatives or the employees of a party to the action or communications between a party and that party's agents, representatives or employees, when made subsequent to the occurrence or transaction upon which the suit is based, and in anticipation of the prosecution or defense of the claims made a part of the pending litigation.

■ The issue presented under both of these privileges is whether the report was prepared "in anticipation of litigation." The burden was Panhandle's to prove that the statement was obtained in anticipation of litigation by showing that there was good cause to believe that suit would be filed. *Turbodyne Corp. v. Heard,* 720 S.W.2d 802 (Tex.1986); *Lindsay v. O'Neill,* 689 S.W.2d 400 (Tex.1985). The mere fact that an accident occurred does not shield the report from discovery. *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801 (Tex.1986). The bare assertion of "generic anticipation" of litigation based upon patterns of prior injuries and litigation is insufficient absent some outward manifestation of future litigation by the party having a cause of action. *Phelps Dodge Refining Corp. v. Marsh,* 733 S.W.2d 359, 360-61 (Tex.App.—El Paso 1987, orig. proceeding); *see also Brown & Root U.S.A., Inc. v. Moore,* 731 S.W.2d 137, 140 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding). Outward manifestation may consist of the party making a demand for damages, hiring an attorney or private investigator, or commencing an investigation of the accident. *Phelps,* 733 S.W.2d at 361. Post-accident investigative reports cannot be shielded from discovery solely upon the privilege-invoking party's subjective deter-

mination that he was anticipating litigation. *Id.* at 360.

■ Panhandle failed to introduce evidence of any outward manifestation of litigation by relator and therefore failed to show good cause to anticipate litigation. The statements in Haile's affidavit are equivalent to the "generic anticipation" of litigation, i.e., a suit is expected from this type of accident involving a death. The report itself also contains no evidence supporting good cause.

Based on the record before this Court, Panhandle failed to show good cause to anticipate litigation that would support exclusion of the report from discovery. *Jampole v. Touchy*, 673 S.W.2d 569, 572 (Tex. 1984). Panhandle is not precluded from reurging privilege should it determine that evidence of good cause is available.

The writ of mandamus is conditionally granted. We are confident that Judge Heard will vacate his order excluding the report from discovery, and a writ of mandamus will issue only if he fails to do so.