The Honorable Leonard HOFFMAN, Judge, et al., Relators,

v.

The FIFTH COURT OF APPEALS, Respondent.

No. C–7690.

Supreme Court of Texas.

Sept. 14, 1988.

Jim Mattox, Atty. Gen., Caroline Scott, Finance Div., Linda Ibach Shaunessy, Austin, John Vance, Criminal Dist. Atty., Dallas, Gary W. Sibley, Henry J. Voegtle, III, Asst. Dist. Attys., Civil Section, Dallas, for relators.

Peter M. Feaman, Marchbanks & Feaman, P.A., Boca Raton, Fla., Michael F. Pezzulli, Charles J. Fortunato, Sifford, Pezzulli, Edson, Meyer & Jones, Dallas, for respondent.

PER CURIAM.

In a suit alleging deceptive trade practices and the unauthorized practice of insurance, the State sought to discover the income tax returns of Dyna Span Corporation and of its president, A.R. Johnson. After a hearing on Dyna Span's motion for protective order, but without conducting an in camera inspection, Judge Leonard Hoffman ordered production of the tax returns. Dyna Span sought mandamus relief from the court of appeals. That court granted the writ of mandamus and ordered Judge Hoffman to vacate his prior orders and to conduct an in camera inspection of the documents. *Dyna Span Corp. v. Hoffman,* 754 S.W.2d 341 (Tex.App.—Dallas 1988, orig. proceeding). We hold that the trial judge did not abuse his discretion in refusing to conduct an in camera inspection and that the court of appeals' order is contrary to the provisions of Tex.R.Civ.P. 166b(4). Therefore, pursuant to Tex.R. App.P. 122 and without hearing oral argument, we conditionally grant the State's petition for writ of mandamus.

In seeking to avoid disclosure of the documents, Dyna Span argued that the tax returns were exempt from discovery because they were irrelevant and because production of the documents would constitute an invasion of privacy. Texas Rule of Civil Procedure 166b(4) expressly provides that a trial court need not conduct an in camera inspection prior to ruling on a discovery objection if the basis for the objection is something other than a specific immunity, exemption or privilege. The Rule reads:

> When a party seeks to exclude documents from discovery and the basis for objection is undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights, rather than a specific immunity or exemption, it is not necessary for the court to conduct an inspection of the individual documents before ruling on the objection.

In this case, Dyna Span did not claim a specific immunity or exemption, but instead alleged an invasion of personal or constitutional rights. Therefore, the trial judge acted in conformity with Rule 166b(4) and did not abuse his discretion in refusing to conduct an in camera inspection.

The court of appeals focused its opinion on the question of whether Dyna Span had effectively tendered the documents for the purposes of an in camera inspection. Although we do not necessarily approve of the court of appeals' reasoning in this regard, we need not now address the question of tender because of our conclusion that an in camera inspection was not mandatory. The writ of mandamus is conditionally granted but will issue only if the court of appeals fails to vacate its order.