Joel **MORRIS**, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION**, Appellee.

No. 13–87–450–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 15, 1988.

Rehearing Denied Oct. 20, 1988.

Bradford M. Condit, Corpus Christi, for appellant.

Darrell Barger, Carlos Villarreal, Hunt, Hermansen, McKibben & Barger, Corpus Christi, for appellee.

Before BENAVIDES, UTTER and SEERDEN, JJ.

## OPINION

BENAVIDES, Justice.

After a jury trial in this worker's compensation case, the trial court entered a $660.90 judgment in appellant's favor for approximately three weeks of total and partial incapacity. Appellant raises three points of error in a limited appeal. We affirm.

Appellant's first point of error asserts that the trial court abused its discretion by protecting appellee's claim file from discovery. He alleges that no evidence was offered to prove appellee's claim that the file was created in anticipation of litigation.

Tex.R.Civ.P. 166b(3) lists matters which are exempt from discovery. In response to appellant's requests for production, appellee moved for protection under this rule and submitted its file for an in camera inspection by the trial court. After a hearing, the court granted the protective order.

Rule 166b(3)(d) provides that certain communications between agents, representatives or employees of a party, when made after the occurrence or transaction upon which the suit is based, and in anticipation of litigation, are privileged and exempt from discovery. The party claiming the privilege has the burden of producing evidence to establish its applicability to the materials sought to be protected and must prove the evidence was acquired or developed in anticipation of litigation. *See generally Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex.1986); *Robinson v. Harkins & Co.*, 711 S.W.2d 619, 621 (Tex. 1986); *Dunn Equipment, Inc. v. Gayle*, 725 S.W.2d 372, 374 (Tex.App.—Houston [14th Dist.] 1987, no writ). In other words, the privilege may be invoked if the documents were prepared after a lawsuit has been filed or if there is good cause to believe suit is likely. *Phelps Dodge Refining Corp. v. Marsh*, 733 S.W.2d 359, 360 (Tex.App.—El Paso 1987, no writ).

A trial judge who denies discovery in the absence of evidence substantiating the claim of privilege abuses his discretion. *Curry*, 718 S.W.2d at 58.

At the hearing, appellee attempted to show the disputed evidence was prepared in anticipation of litigation. Appellee simply offered proof that appellant, their employee, hired an attorney shortly after the incident. The court declared all material prepared by appellee after the date the attorney was hired to be privileged.

We disagree that the mere hiring of an attorney by an injured worker automatically means the employer would necessarily anticipate litigation. As appellant's attorney pointed out to the trial court, he could have been hired merely to assist his client in handling his worker's compensation claim, not necessarily to sue appellee. There were no other circumstances presented which would tend to suggest suit was likely.

**16**

We agree with appellant that the trial court abused its discretion in issuing the protective order. However, appellant is unable to show reversible error under the harm test of Tex.R.App.P. 81(b)(1). We are unable to conclude that the error amounted to such a denial of appellant's rights that it caused the rendition of an improper judgment, or probably prevented him from making a proper presentation of the case to this Court. Appellant claims in his brief that the claims file "could have" revealed evidence that would have impeached the testimony of Dr. York, the physician who examined appellant, by showing bias. The disputed evidence is not part of the record, and so we can only speculate on its contents and probable affect on Dr. York's testimony.

Errors in denying discovery are usually not adequately presented on appeal. However, mandamus is available for adequate appellate review of discovery matters. *See, e.g., Jampole v. Touchy,* 673 S.W.2d 569, 576 (Tex.1984). Appellant chose not to seek mandamus review and the claim file or copy thereof was not made a part of the record. Given the record before us in this appeal there is no reversible error. We overrule point one.

Appellant's second point of error complains of the trial court's sustaining appellee's objection to three of appellant's interrogatories on the ground that the interrogatories were unduly burdensome and were not calculated to lead to any discoverable evidence at the time of trial.

The interrogatories sought the number of people appellees sent to Dr. York over several years, and the amount of money appellee paid York for services provided. Appellant asserts this information may have helped him impeach Dr. York at trial.

Appellee put on ample evidence to support its claim of burdensomeness. *See Independent Insulating Glass v. Street,* 722 S.W.2d 798, 802 (Tex.App.—Fort Worth 1987, writ dism'd). Appellee's claims supervisor testified he would have to review each of appellee's files, tens of thousands, to comply with the request, a task he said was "to the point of being impossible."

Appellant's attorney proposed an alternative method to accomplish the task, one equally burdensome. The trial court offered to subpoena Dr. York as an easier means to acquire the information, which appellant's attorney declined.

We cannot say the trial court abused its discretion in sustaining the objection. We overrule point two.

Appellant's third point of error avers that the court erred in sustaining appellee's relevance objections to appellant's questions of what companies appellee insures. We fail to see the relevance. Moreover, this matter is outside the scope of appellant's notice of limitation of appeal and so is not before us.

The judgment of the trial court is AFFIRMED.