Anne Ashby **PACKER**, Judge and
James M. **Roddy**, Relators,

v.

The **FIFTH COURT OF
APPEALS**, Respondent.

No. C–7821.

Supreme Court of Texas.

Feb. 8, 1989.

Rehearing Denied March 22, 1989.

Mike McKool, Law Offices of Mike McKool, Gary W. Sibley, Dallas, for relators.

Robert L. Dillard, III and John Pierce Griffin, Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for respondent.

PER CURIAM.

This mandamus action arises out of a misnumbered special commissioners' report in a condemnation proceeding. Relator James A. Roddy was a party in two separate condemnation proceedings, numbered 86–727 and 86–728, brought by the City of Lancaster. At the hearing in 86–728, the subject of this mandamus action, the City's attorney submitted several copies of a proposed award to be signed by the commissioners, and gave an unsigned copy to Roddy's attorney. The document was misnumbered, however, as 86–727 instead of 86–728. Relying on the erroneously numbered document, Roddy's attorney allegedly had his staff check the file in 86–727—the wrong proceeding—and thus believed that timely objections to the award had been filed. When the attorney discovered the error, he immediately, but tardily, filed his objections in 86–728. *See* Tex.Prop.Code § 21.018 (Vernon 1984). Some time later, the City filed a plea to the court's jurisdiction and a request for judgment, claiming that because no timely objections had been filed, the trial court had no jurisdiction except to enter a judgment adopting the Commissioners' award. *Id.* at § 21.061. After an evidentiary hearing, the trial court denied the City's plea and request for judgment. On the City's petition, the court of appeals, without an opinion, conditionally granted mandamus directing the trial court to enter an order adopting the commissioners' award as the judgment of the court. We conclude that the court of appeals abused its discretion in granting mandamus relief, and therefore conditionally grant mandamus to compel the court of appeals to set aside its order.

In examining a court of appeals' grant of mandamus relief, this court's focus remains on the trial court. This court makes an independent inquiry as to whether the trial court's action was so arbitrary or unreasonable, or based upon so gross and prejudicial an error of law, as to constitute an abuse of discretion. Mandamus will issue only to correct a clear abuse of discretion, or the violation of a duty imposed

by law, when there is no adequate remedy at law. A court of appeals acts in excess of its writ power—abuses its discretion—when it grants mandamus relief absent these circumstances. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A relator who attacks the ruling of a trial court must establish that, under the circumstances of the case, the facts and the law permit the trial court to make but one decision. *Id.* An appellate court may not deal with disputed issues of fact in a mandamus proceeding. *West v. Solito*, 563 S.W.2d 240, 245 (Tex.1978). The record here demonstrates that the evidence before the trial court raised disputed issues of fact on whether Roddy's attorney was misled by the misnumbered document into failing to file timely objections in 86–728. The trial court was within its discretion in implicitly deciding these issues in favor of Roddy. The court of appeals was not free to deal with these disputed factual issues in a mandamus proceeding. Further, under the circumstances of this case, the City had a remedy by appeal after final judgment. The court of appeals' grant of mandamus relief therefore conflicts with our decisions in *Johnson* and *West.*

Pursuant to Tex.R.App.P. 122, we grant leave to file, and without hearing oral argument, a majority of the court conditionally grants mandamus to direct the court of appeals to set aside its order. The writ will issue only if the court of appeals fails to act in accord with this opinion.