

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-26-00128-CV

**IN RE CPS ENERGY**

Original Proceeding[1]

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
Lori I. Valenzuela, Justice
H. Todd McCray, Justice

Delivered and Filed: April 22, 2026

PETITION FOR WRIT OF MANDAMUS DENIED

Relator, CPS Energy, filed its petition for writ of mandamus on February 18, 2026. CPS Energy challenges the trial court order denying its motion for protective order and overruling its objections to a subpoena propounded on non-party Dimension Energy Services. We ordered the real party in interest and respondent to file their responses, if any, no later than March 19, 2026. The real party in interest filed a response, CPS Energy filed a reply, and third-party Dimension filed a brief in support of the petition for writ of mandamus. Dimension did not participate in the trial court proceedings at issue in the present original proceeding and has since filed its own motion for a protective order with the trial court.

---

[1]This proceeding arises out of Cause No. 2025-CI-12413, styled *Fabian Xavier Garcia-Wells vs. City of San Antonio*, pending in the 131st Judicial District Court, Bexar County, Texas, the Honorable Norma Gonzales presiding.

The requirement to preserve error applies to mandamus proceedings in the intermediate courts of appeals. *See West v. Solito*, 563 S.W.2d 240, 244 (Tex. 1978) ("We do not pass on the merits of these arguments because the release that is central to both of these arguments was not placed in issue before the trial court, thus depriving that fact finder of the opportunity to determine from the facts and circumstances surrounding the release if there was an implied waiver of the privilege."); *see also In re Aguilar*, No. 04-13-00425-CV, 2013 WL 4501435, at *4, n. 5 (Tex. App.—San Antonio Aug. 21, 2013, orig. proceeding) ("The requirement to preserve error applies to mandamus proceedings"); *H.E. Butt Grocery Co. v. Williams*, 751 S.W.2d 554, 556 (Tex. App.—San Antonio 1988, no writ) ("[A]an appellate court may not deal with disputed areas of fact in a mandamus proceeding, and, particularly, where the argument was not before the trial court."). Further, mandamus relief is unavailable to a party that possesses an alternative adequate remedy at law. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). Accordingly, we do not consider evidence and arguments raised for the first time in this mandamus proceeding. Dimension has filed its own motion for protective order with the trial court and may present its arguments and evidence there.

Having considered the arguments of the parties and the record provided, this court has determined that CPS Energy has failed to establish that it is entitled to the relief sought. *See* TEX. R. APP. P. 52.8(a). The petition for writ of mandamus is denied.

PER CURIAM