**Leonard Charles DANCY, Sr., Relator,**

v.

**The Honorable Allen J. DAGGETT, Judge, Respondent.**

**No. D–1069.**

Supreme Court of Texas.

Sept. 18, 1991.

Gerald E. Bourque, Houston, for relator.

Ivy V. Ricketts, Houston, for respondent.

## ON MOTION FOR REHEARING

PER CURIAM.

We grant Relator's motion for rehearing and issue the following opinion.

■ Leonard Dancy seeks mandamus relief from temporary orders issued in his divorce proceeding. We conditionally grant the requested relief.

The 310th Judicial District Court, Daggett, J., set a hearing on temporary orders in Dancy's divorce action for April 16, 1991. After that setting, Dancy's counsel, Gerald Bourque, received notice of an April 16, 1991 hearing in federal court on a separate matter: a criminal case in which Bourque was the defendant's counsel of record. Bourque promptly filed a motion to reset the hearing in the divorce case, attaching a copy of the notice he had received from the federal court.

Bourque appeared as scheduled at the April 16 hearing in federal court. On the same date, Judge Daggett reset the hearing in the divorce case for 9:00 a.m. on April 17.

On the morning of April 17, Bourque's secretary informed the 310th Judicial District Court that the federal case had been continued, and that Bourque would be unable to appear for the hearing in the divorce action. Subsequently, the judge in the federal case telephoned Judge Daggett and informed him that Bourque's attendance was still required in federal court. Nonetheless, Judge Daggett refused to postpone the hearing. At the close of the hearing, Judge Daggett awarded Dancy's wife custody of the couple's children and possession of the family home, and ordered Dancy to pay approximately $1,000 per month in child support and spousal maintenance.

After the trial court overruled his motion for rehearing, Dancy sought mandamus relief in the court of appeals. The court of appeals noted its strong disapproval of the trial court's actions, but still denied leave to file, stating, "We do not have the discretion to find that the trial court abused his discretion." 809 S.W.2d 629, 630 (citing *Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56 (1991)).

In *Hooks*, we held that "a court of appeals does not possess *independent* discretion to grant or deny mandamus against a trial court." 808 S.W.2d at 59 (emphasis added). Rather, "[a]ny discretion is vested in the trial court, and the question before this court is whether the court of appeals erred in granting the writ of mandamus." *Id.* (citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917–18 (Tex. 1985)). Our holding in *Hooks* did not alter the long-standing rule that mandamus may issue to correct a clear abuse of discretion by a trial court. *See, e.g., Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434, 440 (1959).

■ In the present case, the trial court's actions violated local rules regarding conflicts in docket settings,[1] and effectively deprived Dancy of representation at the hearing on his divorce case. Under these circumstances, we hold that the trial court abused its discretion by refusing to continue the proceedings until such time as Dancy's counsel was available. We further hold that mandamus is an appropriate remedy under these facts, since the trial court's issuance of temporary orders is not subject to interlocutory appeal. *See* Tex. Fam.Code § 11.11(g).

---

1. Rule 4(b) of the Second Administrative Judicial District provides in part:

   Attorney assigned to two courts for the same date:
   (1) Whenever an attorney has two or more cases on trial dockets and is set for trial at the same time, it shall be the duty of that attorney to bring the matter to the attention of the judges concerned immediately upon learning of the conflicting settings.
   (2) Insofar as practicable, judges should attempt to agree on which case has priority,

   otherwise the following priorities shall be observed by judges of the respective courts.
   (i) Criminal cases have priority over civil cases.
   ....

   Additionally, Rule 11 of the Judicial District Court of Harris County Family Trial Division states that "[n]o case shall lose its position on the trial docket for the week because counsel is engaged in another trial but the case shall remain on the docket until such time as counsel is available."

Pursuant to Rule 122 of the Texas Rules of Appellate Procedure, without hearing oral argument, a majority of the court conditionally grants the writ of mandamus. The writ will issue only if the trial judge refuses to set aside the disputed orders in accordance with this opinion.