**John H. SPEARMAN, Appellant,**

**v.**

**TEXAS DEPARTMENT OF CORRECTIONS, Appellee.**

**No. 11–95–233–CV.**

Court of Appeals of Texas, Eastland.

Jan. 11, 1996.

———

Ralphaell V. Wilkins, Wilkins & Associates, Houston, for appellant.

Dan Morales, Attorney General, Austin, Nancy K. Juren, Assistant Attorney General, Austin, for appellee.

Before DICKENSON and WRIGHT, JJ., and McCLOUD,[1] Senior Justice.

DICKENSON, Justice.

John H. Spearman is a former prison guard who was fired. He sued the Texas Department of Corrections, claiming that his

---

**1.** Austin McCloud, Retired Chief Justice, Court of Appeals, 11th District of Texas at Eastland sitting    by assignment.

termination of employment was based upon his race and seeking reinstatement of employment plus lost wages, compensatory damages, and punitive damages. The Texas Department of Corrections' answer denied that Spearman's termination of employment was based upon his race, stating that his employment was terminated because of a rule violation and because of his disciplinary record. When the case was reached for trial, Spearman's attorney failed to appear. Defendant's motion to dismiss for want of prosecution was granted. Spearman appeals. We affirm.

### Point of Error

Appellant argues in his sole point of error that the trial court "committed reversible error by abusing its discretion" when it refused to grant a continuance after being told that appellant's counsel was assigned to trial in a criminal case in another county.

### Background Facts

There is no statement of facts. See TEX. R.APP.P. 50(d). The transcript shows that Spearman's lawsuit was filed on April 24, 1990. In March of 1994, Spearman filed a motion to retain the case on the court's docket. The trial court granted that motion and set the case for nonjury trial. In September of 1994, Spearman paid a jury fee and requested trial by jury. This case was then set for jury trial during the week of January 9, 1995.

Spearman's motion for continuance was not filed until January 10, 1995. Spearman's motion for "Reinstatement and/or New Trial" was filed on February 9, 1995. Exhibit "A" to that motion shows that his conflicting criminal setting for January 9, 1995, was an "agreed setting." That exhibit shows that the agreed setting was signed by the attorney for the state, the defendant, and by appellant's attorney as the attorney of record for that defendant. The exhibit states that:

> The undersigned Counsel hereby agrees this case is reset for Trial to January 9, 1995.

The exhibit also shows that it was approved by the judge presiding in that court on December 30, 1994. Appellant's motion for "Reinstatement and/or New Trial" states that a motion for continuance was mailed to the trial court on January 6, 1995, and that a copy of the motion was sent by Telecopier to the judge's secretary that same date. The motion for "Reinstatement and/or New Trial" also states that this case was not reached until the morning of January 10, 1995, and that appellant's counsel asked a colleague to make an appearance "to inform the trial judge of the conflicting trial assignment" which prevented him from being present. There is no claim that appellant's attorney brought the matter to the attention of the judge in the case whose rulings are now being challenged "immediately upon learning of the conflicting settings."

### Conflict in Trial Settings

Both parties cite Rule 4(b), RULES OF PROCEDURE OF THE SECOND ADMINISTRATIVE JUDICIAL DISTRICT. That rule provides in relevant part:

(1) Whenever an attorney has two or more cases on trial dockets and is set for trial at the same time, *it shall be the duty of that attorney to bring the matter to the attention of the judges concerned immediately upon learning of the conflicting settings.*

(2) Insofar as practicable, judges should attempt to agree on which case has priority, otherwise, the following priorities shall be observed by the judges of the respective courts.

(I) Criminal Cases have priority over Civil Cases;

(II) Preferentially set cases have priority over those not given any preference by statute or otherwise;

(III) The earliest set case has priority over those set later;

(IV) Courts in metropolitan counties should yield to courts in rural counties in all other instances of conflicting trial settings. (Emphasis added)

### Abuse of Discretion

The question is whether an appellant can show an abuse of discretion by the trial court's order dismissing a cause of action for

want of prosecution when the conflicting setting was created by appellant's attorney and when the conflict was not "immediately" brought to the trial court's attention. We do not find an abuse of discretion; consequently, the sole point of error is overruled.

### Dancy v. Daggett

Appellant argues that *Dancy v. Daggett,* 815 S.W.2d 548 (Tex.1991), is "directly on point." We disagree. *Dancy* is clearly distinguishable. In that case, the lawyer "promptly filed a motion to reset" when he learned of the conflict. This is not so in the case before us. More importantly, in *Dancy* the conflicting setting was created by the actions of the two courts. In the case before us, the conflict was created when appellant's attorney agreed to a conflicting setting when he knew of the prior setting of this case. When this case was reached for trial, appellant's attorney was not present, and defendant's motion to dismiss for want of prosecution was granted.

In *Dancy,* the supreme court found that the trial court violated local court rules regarding conflicts in docket settings. In the case before us, we find that appellant's attorney created the conflict by agreeing to the other setting and that appellant's attorney violated the local court rules by not "immediately" bringing the conflict to the attention of the trial court judge so that the judge could attempt to work out the conflict with the other trial court judge. See also and compare *Seigle v. Hollech,* 892 S.W.2d 201 (Tex. App.—Houston [14th Dist.] 1994, no writ).

The trial court's order which dismissed this case for want of prosecution is affirmed.[2]

---

2. We note that there is no statement of facts from the hearing on the motion to set aside the order of dismissal and that there is no point of error challenging that ruling by the trial court. See

---

and compare *Smith v. Babcock & Wilcox Construction Company, Inc.,* 913 S.W.2d 467 (Tex. 1995).