Opinion issued April 21, 2005.











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00565-CV




IN THE INTEREST OF T.S.M., A CHILD




On Appeal from the 247th District Court
Harris County, Texas
Trial Court Cause No. 1996-43582




MEMORANDUM OPINION

          Appellant, Kevin Lynn Martin (“Martin”), challenges the trial court’s order
rendering a post-answer default judgment against him in favor of appellee, his former
wife, Shelley Hersem (“Hersem”). In two issues, Martin asserts that the trial court
abused its discretion in failing to grant his motion for new trial because (1) the trial
court’s rendition of a default judgment was improper and (2) Martin did not receive
45 days’ notice of the trial setting. We reverse and remand for a new trial.
Background
          On August 11, 2003, Hersem filed a motion to modify the prior orders of the
trial court, seeking to increase the amount of child support paid by Martin. Martin
filed a pro se answer to the requested modification on September 23, 2003. On
January 9, 2004, Hersem’s attorney, Roy L. Moore (“Moore”), sent Martin notice of
the February 16, 2004 trial setting that was scheduled to begin at 9:30 a.m. in the
247th District Court of Harris County, Texas.
          On February 10, 2004, Ronald Hunter (“Hunter”) notified Moore that he had
been retained to represent Martin in the pending case. In the same letter, Hunter also
explained that he had a conflicting court setting in Fort Bend County on February 16,
2004 at 8:00 a.m., and Hunter asked Moore to assist him in resolving the conflict. 
Moore contacted the trial court coordinator, and the trial court agreed to set the trial
to begin at 10:00 a.m. on February 16th instead of 9:30 a.m. Moore notified Hunter
of the new trial setting in a letter dated February 13, 2004.
          On the date of trial, Moore appeared for the 10:00 a.m. docket call. Neither
Hunter nor Martin was present. At approximately 10:35 a.m., Hunter called Moore
and informed him that he would be available at 1:30 p.m. With the approval of the
trial court, Moore reset the case for 1:30 p.m. At approximately 12:30 p.m., Hunter
called Moore again and stated that he would not be able to arrive at 1:30 p.m., but
would instead be at the trial court by 2:30 p.m. 
          At 1:30 p.m., the trial court called the case for trial the second time. Moore
informed the court that Hunter called and said that he would be late. The trial court
asked Moore to inform the trial court upon Hunter’s arrival. The trial court called the
case for trial for the third time at approximately 3:00 p.m. The trial court announced
that it was ready to proceed and rendered a default judgment against Martin.
          At the hearing on the motion for new trial, Hunter asked the trial court to take
judicial notice of a letter from Judge Ronald R. Pope, presiding judge of the 328th
District Court in Fort Bend County. The letter explained that, on February 16, 2004,
Hunter was involved in a final trial on the merits in the 328th District Court which
lasted from 8:30 a.m. until 3:00 p.m in Fort Bend County. The trial court admitted
the letter into evidence. The motion for new trial was denied.
Failure to Comply with Local Rules
          Martin argues that the trial court abused its discretion in failing to grant his
motion for new trial. Specifically, Martin contends that the default judgment was
improper because the trial court failed to follow the local rules regarding conflicting
engagements of counsel.


 We agree.
Standard of Review
          A motion to set aside a default judgment and obtain a new trial is addressed to
the trial court’s discretion, and the trial court’s ruling will not be disturbed on appeal
in the absence of a showing of an abuse of discretion. Cliff v. Huggins, 724 S.W.2d
778, 778(Tex. 1987). Notably, “while trial courts have some measure of discretion
in the matter, . . . it is not an unbridled discretion to decide cases as they might deem
proper, without reference to any guiding rule or principle.” Id. at 779 (citing
Craddock v. Sunshine Bus Lines Inc., 133 S.W.2d 124, 126 (Tex. 1939)). 
          Under the Craddock test, a default judgment should be set aside and a new trial
ordered in any case where (1) the party’s failure to appear was not intentional or the
result of conscious indifference, (2) there is a meritorious defense, and (3) the
granting of a new trial will not operate to cause delay or injury to the opposing party. 
 Id. The prerequisites for granting a motion to set aside a trial court’s default
judgment also apply to a post-answer default judgment. Id.
Analysis
          Martin relies on Dancy v. Daggett, 815 S.W.2d 548 (Tex. 1991) to support his
argument that the trial court abused its discretion by proceeding with trial, thereby
depriving him of his fundamental rights to be heard and to have counsel present in a
contested case. See id. at 548. In Dancy, the trial court set a hearing on temporary
orders in Dancy’s divorce action on April 16, 1991. Id. at 549. After the setting,
Dancy’s attorney received notice of an April 16, 1991 hearing in federal court on a
separate matter in which he was counsel of record. Id. Dancy’s attorney filed a
motion to reset, and the trial court reset the hearing in the divorce case for the next
day. Id. On April 17th, the federal court judge informed the state trial court judge
that Dancy’s attorney’s attendance was still required in federal court. Id. The state 
trial court judge, however, refused to postpone the hearing and granted a default
judgment in favor of Dancy’s wife. Id. The Texas Supreme Court held that the trial
court’s actions violated local rules regarding conflicts in docket settings and deprived
Dancy of representation at the hearing on his divorce case. Id. 
          Just like in Dancy, here, almost one week before the trial setting, Hunter sent
Moore a letter explaining that he had a conflicting engagement. In his letter to
Moore, Hunter stated, 
First, I would like to alert you that I have a hearing set in Fort Bend
County on the 16th. It is an early setting (8:00 or 8:30 a.m.) and
shouldn’t take a long time, but I feel that I may not be able to arrive in
the 247th by 9:30 a.m. My understanding is that this matter is just set
on the trial docket for that day and may not be heard at exactly 9:30. 
Could you please confirm this and let me know if there is some
resolution to my scheduling conflict.

Additionally, at the hearing on Martin’s motion for new trial, Hunter introduced a
letter from Judge Ronald R. Pope, presiding judge of the 328th District Court in Fort
Bend County. The letter stated that, on February 16, 2004, Hunter was involved in
a final trial on the merits in the 328th District Court which lasted from 8:30 a.m. until
3:00 p.m.  
          Accordingly, because Hunter promptly informed the Harris County court about
his conflict in Fort Bend County and because Hunter introduced a letter from the
presiding judge of the Fort Bend County court, which explained his failure to appear
before the Harris County trial court on the date of trial, we hold that the trial court
abused its discretion in failing to grant Martin’s motion for new trial.
          We sustain Martin’s first issue.Conclusion

          Having held that the trial court abused its discretion in failing to grant Martin’s
motion for new trial, we need not address Martin’s second issue relating to the
sufficiency of notice. We reverse the judgment of the trial court and remand for a
new trial.

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Bland.