In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-06-442 CV


______________________


 

IN RE COURTNEY PATRANELLA






Original Proceeding






MEMORANDUM OPINION


 Real Party in Interest Ryan Edward Stott filed suit against Relator Courtney Patranella
to modify their divorce decree, seeking, among other things, the right as temporary
conservator to establish the primary residence of his children. The trial court entered
temporary orders granting Stott the right to establish the primary residence of their son,
T.B.S., and Patranella the right to establish the primary residence of their daughter, S.L.Z.S. 
Patranella seeks mandamus relief from the trial court's temporary order granting Stott the
right to establish T.B.S's primary residence. 

 Mandamus is intended to be an extraordinary remedy, available only in limited
circumstances and when there is no adequate remedy at law. Walker v. Packer, 827 S.W.2d
833, 840 (Tex. 1992) (orig. proceeding). Mandamus is an appropriate means to challenge
temporary orders entered while a motion to modify is pending in a suit affecting the parent-child relationship. In re Ostrofsky, 112 S.W.3d 925, 928 (Tex. App.--Houston [14th Dist.]
2003, orig. proceeding) (citing Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex. 1991)). Mandamus will lie only to correct a clear abuse of discretion. Walker, 827 S.W.2d
at 840. A party alleging a trial court abused its discretion in resolving factual issues must
show the trial court could have reasonably reached only one decision. Ostrofsky, 112 S.W.3d
at 928 (citing Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985)) (orig.
proceeding). 

 Patranella argues the trial court abused its discretion under section 156.006 of the
Texas Family Code when it entered the temporary order depriving her of her rights under the
final divorce decree to determine T.B.S.'s primary residence. Section 156.006 limits the
circumstances in which a trial court may render a temporary order in a suit for modification:

 (a) Except as provided by Subsection (b), the court may render a temporary
order in a suit for modification.

 (b) While a suit for modification is pending, the court may not render a
temporary order that has the effect of changing the designation of the person
who has the exclusive right to designate the primary residence of the child
under the final order unless:

 (1) the order is necessary because the child's present circumstances
would significantly impair the child's physical health or emotional
development;

 (2) the person designated in the final order has voluntarily relinquished
the primary care and possession of the child for more than six months
and the temporary order is in the best interest of the child; or

 (3) the child is 12 years of age or older and has filed with the court in
writing the name of the person who is the child's preference to have the
exclusive right to designate the primary residence of the child and the
temporary order designating that person is in the best interest of the
child. 


Tex. Fam. Code Ann. § 156.006 (Vernon Supp. 2006). Specifically, Patranella argues the
trial court abused its discretion because there was no evidence T.B.S.'s present living
environment might significantly impair his physical health or emotional development. Stott's mother, Carol Ann Mitchell, testified she has kept T.B.S. three or four days a
week since he was born. She stated there were several occasions when Patranella would drop
T.B.S. off to stay with her, and Mitchell would not hear from Patranella for days or weeks
at a time. According to her, Patranella treated T.B.S. differently than S.L.Z.S. and it was her
impression that Patranella does not necessarily want T.B.S. in her possession. On one
occasion, Mitchell became concerned because T.B.S. could not eat but appeared hungry. She
noticed him slobber. Patranella told Mitchell she had taken him to the doctor and that the
doctor said he was okay. Stott took him to the doctor and learned T.B.S. suffered from a
dislocated jaw. 

 Stott testified with respect to Patranella's not adequately potty-training T.B.S., and
that T.B.S. consistently had accidents prior to T.B.S. coming to visit Stott. Patranella
admitted she noticed T.B.S. had fewer accidents after staying with Stott. At the time of the
hearing on Stott's suit for modification, T.B.S. was staying with him pursuant to an earlier
agreement with Patranella. 

 Sufficient evidence existed supporting the trial court's finding. The trial court did not
abuse its discretion in entering the temporary order awarding Stott the right to determine
T.B.S.'s primary residence.

 Relator's petition for writ of mandamus is denied.

 PER CURIAM

 

Submitted on October 25, 2006

Opinion Delivered November 16, 2006


Before McKeithen, C.J., Gaultney and Kreger, J.J.