In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-06-549 CV


____________________



IN RE TOM ECKERT






Original Proceeding






 MEMORANDUM OPINION 


 Tom Eckert seeks a writ of mandamus to compel the trial court to vacate its temporary
orders in a suit to modify the parent-child relationship. Because we conclude the Family
Code authorizes temporary orders under the circumstances present in this case, we deny the
petition and motion for temporary relief.

 To establish his right to mandamus relief regarding the issuance of temporary orders
in a child custody case, the relator must establish an abuse of discretion by the trial court. 
Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex. 1991). "A trial court abuses its discretion if
it acts in an arbitrary or unreasonable manner, without reference to any guiding rules or
principles." In re Nitla S.A. de C.V., 92 S.W.3d 419, 422 (Tex. 2002). Section 156.006 of
the Family Code describes the three circumstances that authorize a trial court to enter a
temporary order "that has the effect of changing the designation of the person who has the
exclusive right to designate the primary residence of the child." Tex. Fam. Code Ann. §
156.006(b) (Vernon Supp. 2006). Such an order may be entered when (1) "necessary
because the child's present circumstances would significantly impair the child's physical
health or emotional development;" (2) "the person designated in the final order has
voluntarily relinquished the primary care and possession of the child for more than six
months and the temporary order is in the best interest of the child;" or (3) "the child is 12
years of age or older and has filed with the court in writing the name of the person who is the
child's preference to have the exclusive right to designate the primary residence of the child
and the temporary order designating that person is in the best interest of the child." Id. 

 Tom Eckert and Kathleen Van Volkenburg are the divorced parents of an eleven and
one-half year old child. The child has, at various times, lived with the father in Texas and
with the mother in New York. Eckert serves as sole managing conservator of the child. The
previous year, the child lived with Van Volkenburg and the parties eventually executed a
mediated agreement that required the child be returned to Texas for the 2006 school year. 
Seeking to retain possession of the child, Van Volkenburg filed a petition to modify the
parent-child relationship. The trial court conducted a hearing on her request for temporary
orders. At the time of the hearing, the child was a few months shy of his twelfth birthday. 
The trial court interviewed the child in chambers and no record was made of the interview. 
The trial court heard evidence that Van Volkenburg has terminal brain cancer. Eckert
admitted he did not allow the child to talk to his mother for over three months. The trial
court also heard testimony that Eckert failed to follow up on the child's medical and dental
treatment. 

 The order signed by the trial court states that the order is being made for the safety and
welfare of the child. The order states that conservatorship of the child remains the same as
the prior order, but orders that the child reside with Van Volkenburg in New York. Thus,
Section 156.006 of the Family Code applies. Although the child was not twelve years of age
and could not designate the parent with whom he desired to reside, the trial court was
authorized to interview the child. See Tex. Fam. Code Ann. § 153.009 (Vernon Supp.
2006). The judge interviewed the child in chambers, and the interview was not recorded. 
When the trial court bases its decision, at least in part, on an unrecorded interview, we must
presume that facts existed to support the ruling. Ohendalski v. Ohendalski, 203 S.W.3d 910,
916 (Tex. App.-Beaumont 2006, no pet.). In addition, the testimony adduced at the hearing
supports the trial court's implicit finding that the order is necessary under Section
156.006(b)(1). Given the testimony that the mother suffers from a terminal illness and that
the father persistently obstructed communication between the mother and child while the
child resided with him, the trial court could reasonably determine that being separated from
his mother while the case proceeds would significantly impair the child's emotional
development. Compare In re Ostrofsky, 112 S.W.3d 925, 931-32 (Tex. App.-Houston [14th
Dist.] 2003, orig. proceeding) (Trial court abused its discretion by requiring placement of
children in boarding school in the absence of evidence that parents' poor relationship
significantly impaired children's emotional development.) 

 After reviewing the mandamus record and petition, we conclude that the relator has
not demonstrated an abuse of discretion by the trial court. Accordingly, the petition for writ
of mandamus is denied. All pending motions are denied as moot.

 WRIT DENIED.

 PER CURIAM

Opinion Delivered January 25, 2007 

Before Gaultney, Kreger, and Horton, JJ.