In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00025-CV


____________________



IN RE KRISTIE KAYE CLARK


 




Original Proceeding






MEMORANDUM OPINION



 In this mandamus proceeding, Kristie Kaye Clark challenges the temporary orders
signed by the trial court in a suit affecting the parent-child relationship and contends counsel
for the real party in interest is disqualified due to prior representation of the relator in a
substantially related matter. We deny the petition.

 To obtain mandamus relief, a relator must show both that the trial court clearly abused
its discretion and that the relator has no adequate remedy by appeal. In re Prudential Ins. Co.
of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). Because an accelerated appeal is not available
when the trial court enters temporary orders in a suit affecting the parent-child relationship,
mandamus relief is available if the relator establishes a clear abuse of discretion by the trial
court. Dancy v. Daggett, 815 S.W.2d 548, 549 (Tex. 1991).

 In her first issue, Clark contends no abuse of discretion need be established in this
case because the trial court's order is void. In her second issue, Clark contends the agreed
temporary orders issued on July 14, 2008, are void because the trial court failed to set forth
the reasons for the issuance of the temporary restraining order signed by the trial court on
July 1, 2008. Because the temporary restraining order set a hearing date for the temporary
orders, Clark argues, the subsequent temporary orders are void. She relies on a rule of civil
procedure. See Tex. R. Civ. P. 683. A temporary restraining order granted under Section
105.001, Texas Family Code, need not define the injury, state why it is irreparable, or state 
why the order was granted without notice. Tex. Fam. Code Ann. § 105.001(b)(1), (2)
(Vernon 2008). Likewise, Clark's third issue argues that the temporary restraining order is
void because it waived a bond. See Tex. R. Civ. P. 684. The applicable statute permits the
trial court to dispense with a bond in connection with temporary orders on behalf 
of the child. Tex. Fam. Code Ann. § 105.001(d). The relator has not shown that the
temporary restraining order was void from its inception or that any defect in the order
deprived the trial court of the power to enter temporary orders in the case.

 In her second issue, Clark contends "meeting with and consulting with the Relator and
the Real Party in Interest in a 'substantially related' factual matter is sufficient to require
disqualification of the Real Party in Interest's attorneys/law firm due to conflict of interest
and potential use/disclosure of confidential information of the Relator." Clark filed and
amended her motion to disqualify counsel for the real party in interest. Although an affidavit
was attached to some of the motions she filed with the trial court, she did not testify at the
hearing and her affidavit was neither admitted into evidence nor considered by the trial court
without formal admission. Cf. Ahmed v. Shimi Ventures, L.P., 99 S.W.3d 682, 684 n.2 (Tex.
App.--Houston [1st Dist.] 2003, no pet.) (Appellate court considered affidavits attached to
injunction application because the trial court announced during the hearing that it would
consider them in making its decision). Here, the trial court denied the motion "based on the
evidence submitted to the Court this date[.]" Given that only counsel's version of the
consultation was presented to the trial court at the hearing, the trial court did not abuse its
discretion. (1)

 In a post-submission supplemental petition, Clark contends the orders are void
because McCarty lacks standing to file a suit affecting the parent-child relationship. 
McCarty's petition alleges "Petitioner has standing to bring this suit in that the child has
resided with him continuously for over a six month period of time." Clark argues McCarty's
pleadings are inadequate to establish standing, but she challenged neither his pleadings
regarding standing nor the factual basis for standing in the trial court. In the trial court, Clark
limited her attack on the temporary orders to the trial court's failure to comply with the Rules
of Civil Procedure in its temporary restraining order. Clark has not challenged McCarty's
standing in the trial court. Because the trial court's exercise of subject matter jurisdiction has
not been challenged in the trial court and may depend upon facts for which a record has not
been developed, this issue is not ripe for consideration in this mandamus proceeding.

 On this record the relator fails to establish that the trial court abused its discretion. 
Accordingly, we overrule the relator's issues and deny the petition for writ of mandamus.

 PETITION DENIED.


 PER CURIAM



Submitted on February 9, 2009

Opinion Delivered February 24, 2009


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Because we determine that the relator's affidavit was not presented to the trial court
at the hearing, we do not decide whether it would have been error for the trial court to deny
the relator's motion to disqualify in the face of evidence setting forth the facts stated in the
affidavit attached to the motion.