**Affirmed and Memorandum Opinion filed May 21, 2019.**



In The

# Fourteenth Court of Appeals

## NO. 14-18-00181-CV

## IN THE INTEREST OF W.A.B., III, A CHILD

**On Appeal from the 311th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-04887**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a default judgment in a suit to modify a parent-child relationship. In a single issue, appellant ("Father") argues that the trial court erred by denying Father's motion for continuance of the trial setting based on his attorney's unavailability. Because we conclude that Father failed to preserve his complaint for appellate review and that, in any event, the trial court did not abuse its discretion under the circumstances of this case, we affirm the trial court's judgment.

## Background

A Harris County family district court signed a final decree of divorce on January 31, 2014, dissolving the marriage between Father and Mother. The court also signed an agreed order in a suit to modify the parent-child relationship ("SAPCR") pertaining to Mother's and Father's son, W.A.B., III. Several years later, Father filed a petition to modify the SAPCR order, alleging a material and substantial change in W.A.B.'s circumstances. Mother filed a counterpetition, seeking a modification of issues regarding, *inter alia*, medical treatment, education, and possession of the child. Mother also sought an increase in child support payments.

The Harris County district court set this case for a bench trial at 9:00 a.m. on Monday, October 16, 2017, and provided notice to all counsel.

On Thursday, October 12, 2017, at approximately 10:00 a.m., Father's counsel received an email from the court manager for the 10th Judicial District Court of Galveston County calling Father's counsel to trial at 9:00 a.m. on Monday October 16, 2017, in Galveston—the same date and time as the SAPCR trial setting in Harris County. The Galveston case was a felony criminal prosecution.

Father filed a motion for continuance in the Harris County District Clerk's office at 8:54 p.m. on Sunday, October 15, 2017. Father sought a continuance of the October 16, 2017 trial setting in the SAPCR proceeding due to the conflicting felony criminal trial setting in Galveston County. The motion for continuance was verified and attached a copy of the email from the Galveston County district court manager advising counsel of his obligation to appear for trial on October 16, 2017, at 9:00 a.m. The motion for continuance also alleged that counsel's unavailability was not the result of Father's own fault or negligence, "as prior to Wednesday, October 11, 2017, [counsel] believed that the [criminal case] would not be reached

for trial until the following week at the earliest." The record does not show that Father attempted to obtain a hearing date and time for the Harris County district court to consider the motion for continuance.

When the Harris County district court called the docket for this case at 9:00 a.m. on Monday, October 16, 2017, neither Father nor his counsel appeared. The court apparently recessed until the afternoon, and then proceeded "on a post-answer default basis" at 1:43 p.m. that day. Mother's counsel was present and stated on the record that she received an email from Father's counsel the prior evening advising that he would be filing a motion for continuance due to the conflicting Galveston County trial setting. Mother's counsel found it "very concerning" that Father's counsel did not provide notice of the conflict until late Sunday evening on October 15 when counsel learned of the conflict on Thursday October 12. The court made no express ruling on the motion for continuance and proceeded to hear testimony on the petitions to modify the SAPCR order. After Mother testified, the trial court orally rendered judgment granting Mother's counterpetition and awarding $6,023.24 in attorney's fees. The trial court subsequently signed a final judgment on November 7, 2017.

After the trial court signed the default judgment, Father filed a motion to set aside the judgment. Although the trial court set the motion for a hearing at Father's request, the court's docket sheet indicates that neither Father nor his counsel appeared, and the "matter was passed."

**Analysis**

Father appeals the default judgment. In one issue, he argues that the trial court erred in denying the motion for continuance based on his attorney's unavailability.

3

## A. Preservation of Error

A trial court is not required to consider a motion that is not brought to its attention. *See Murphree v. Cooper*, No. 14-11-00416-CV, 2012 WL 2312706, at *1 (Tex. App.—Houston [14th Dist.] June 19, 2012, no pet.) (mem. op.); *In re Smith*, 263 S.W.3d 93, 96 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. *See Murphree*, 2012 WL 2312706, at *1; *Smith*, 263 S.W.3d at 96; *see also Quintana v. CrossFit Dallas, L.L.C.*, 347 S.W.3d 445, 448-49 (Tex. App.—Dallas 2011, no pet.) (filing motion for continuance, and setting motion for hearing, was insufficient to bring the motion to the attention of the trial court). When the record does not show that a motion for continuance was filed and brought to the trial court's attention before final judgment is rendered, any error is not preserved. *See* Tex. R. App. P. 33.1(a); *Murphree*, 2012 WL 2312706, at *1.

Father filed his motion for continuance of the SAPCR trial setting approximately twelve hours before trial was set to begin. He did not set the motion for a hearing. Neither Father nor his counsel appeared at the time set for trial to present and argue the merits of Father's motion for continuance. The record does not show that Father presented the motion for continuance to the trial court with a request for a ruling or otherwise brought it to the trial court's attention before the final judgment was rendered. The record also reveals no ruling on the motion. Thus, appellant has failed to preserve this issue for appellate review. *See* Tex. R. App. P. 33.1(a); *Murphree*, 2012 WL 2312706, at *1.

## B. The Trial Court's Discretion

Presuming Father preserved error and that the trial court denied the motion for continuance, we nonetheless conclude the trial court would not have abused its

discretion. As the sole basis for his motion, Father contends that he was entitled to a continuance because his counsel had a conflicting trial setting in another court that took priority over the present case.

We review a trial court's decision to deny a motion for continuance for a clear abuse of discretion and on a case-by-case basis. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002)). A clear abuse of discretion is shown when a trial court reaches a decision "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.*

Generally, a motion for continuance will not be granted without "sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. The "absence of counsel will not be good cause for a continuance or postponement of the cause when called for trial, except it be allowed in the discretion of the court, upon cause shown or upon matters within the knowledge or information of the judge to be stated on the record." Tex. R. Civ. P. 253; *see also Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

It was incumbent upon Father's attorney to promptly notify the trial court of the conflicting trial settings. *See* Sec. Admin. Jud. Reg., Reg. R. Admin. 10.2.1 (local rule providing that an attorney assigned to trial in two different cases on the same day has a duty to notify the affected courts of the conflicting trial settings as soon as they are known); *see also* Harris Cty. Fam. R. 8.7 ("It is the duty of counsel to report promptly to the court immediately upon learning of a conflicting engagement that might preclude that counsel's availability for trial. Failure to do so may result in sanctions."). Father's counsel failed to notify the trial court of the conflicting settings as soon as he was aware of them, which was no later than Thursday, October 12, 2017. *See In re K.A.R.*, 171 S.W.3d 705, 711 (Tex. App.—

Houston [14th Dist.] 2005, no pet.) (noting that appellant's attorney failed to notify trial court of conflicting settings as soon as she was aware of them, "which was no later than" the date she received notice of the trial court's order setting case for trial). Father's counsel did not file the motion for continuance until 8:54 p.m. Sunday, October 15, 2017, three days after receiving notice of the conflict and approximately twelve hours before trial was set to commence in this case. Father's counsel thus deprived the trial court of the opportunity of resolving the setting conflict with the presiding judge of the 10th District Court in Galveston County.[1] *See* Sec. Admin. Jud. Reg., Reg. R. Admin. 10.2.2 (stating that, "[i]nsofar as practicable, Judges should attempt to agree on which case has priority"). The motion for continuance also did not state why Father's counsel failed to take earlier steps to avoid the conflicting settings. *See Murphree*, 2012 WL 2312706, at *3; *Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex. App.—Austin 1987, no writ) (counsel failed to take reasonable steps to avoid conflict).

For these reasons, we conclude that the trial court would not have abused its discretion in denying the motion for continuance based on Father's assertion of a conflicting trial setting that allegedly had priority. *See K.A.R.*, 171 S.W.3d at 711 (holding trial court did not abuse its discretion in denying continuance based on conflicting trial setting in criminal case in another county because attorney for non-appearing party did not promptly notify trial court of conflicting setting upon learning about it); *see also Murphree*, 2012 WL 2312706, at *3 (same); *Spearman v. Tex. Dep't of Corrs.*, 918 S.W.2d 23, 24-25 (Tex. App.—Eastland 1996, no writ) (same).

---

[1] The October 12 email from the 10th Judicial District court manager states: "If any attorney has a conflict with other cases set for trial, the Court requests the cause number and court in which there is a conflict, so that those cases can be monitored." There is no indication in this record that Father's counsel alerted the 10th District Court in Galveston to the conflicting settings.

We overrule Father's sole issue on appeal.

## Conclusion

We affirm the trial court's judgment.

/s/    Kevin Jewell
       Justice

Panel consists of Justices Jewell and Bourliot and Former Justice Michael Massengale, sitting by assignment.