

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00050-CV

_____

IN THE INTEREST OF L.D. AND A.D., CHILDREN

On Appeal from the 393rd District Court
Denton County, Texas
Trial Court No. 21-0275-393

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant H.N. (Mother) attempts to appeal from the trial court's order appointing the Texas Department of Family and Protective Services (the Department) the temporary managing conservator of her children L.D. and A.D. The trial court issued the temporary order after a full adversary hearing under Texas Family Code Section 262.201. *See* Tex. Fam. Code Ann. § 262.201. We notified the parties of our concern that we lack jurisdiction over this appeal because the challenged order does not appear to be a final judgment or an appealable, interlocutory order. *See* Tex. R. App. P. 42.3. We informed the parties that we could dismiss the appeal absent a timely response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Mother responded that a petition for writ of mandamus is the appropriate vehicle for challenging a temporary order in a suit affecting the parent–child relationship (SAPCR). *See In re Pate*, 407 S.W.3d 416, 418 (Tex. App.—Houston [14th Dist.] 2013, orig. proceeding). However, Mother has not filed a mandamus petition, nor has she asked us to construe this appeal as a mandamus proceeding.

We may consider appeals only from final judgments or from interlocutory orders made immediately appealable by the Texas Legislature. *See Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). Temporary orders entered in a SAPCR are not appealable, interlocutory orders. Tex. Fam. Code Ann. § 105.001(e); *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991) (orig. proceeding) (per curiam) (op. on reh'g); *In re K.S.*, No. 02-20-00409-CV, 2021 WL 126596, at

*1 (Tex. App.—Fort Worth Jan. 14, 2021, no pet. h.) (per curiam) (mem. op.). This rule applies to temporary orders issued after full adversary hearings in suits filed by the Department. *McLane v. Dep't of Family & Protective Servs.*, No. 01-08-00363-CV, 2009 WL 1025730, at *1 (Tex. App.—Houston [1st Dist.] Apr. 9, 2009, no pet.) (mem. op.); *see* Tex. Fam. Code Ann. §§ 105.001(e), 262.201(j) (referencing Chapter 105 of the Family Code).

Thus, we do not have jurisdiction over Mother's attempted appeal, and we dismiss it. *See* Tex. R. App. P. 42.3, 43.2(f); *McLane*, 2009 WL 1025730, at *1. We dismiss Mother's April 6, 2021 motion to dismiss the appeal as moot.

Per Curiam

Delivered: April 15, 2021