**Opinion filed August 21, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00194-CV
_____

## GEORGE ALOIS MEISSNER, Appellant

## V.

## LORNA BROOKE MEISSNER, Appellee

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 23-16150N**

## M E M O R A N D U M   O P I N I O N

Appellant has filed a pro se notice of appeal from the trial court's temporary orders in the divorce proceeding below. We dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that the order from which he was attempting to appeal was a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal, and we informed Appellant that the appeal was subject to dismissal. *See* TEX. R. APP. P. 42.3. Appellant has not filed a response.

In a suit for the dissolution of a marriage, temporary orders are not final or appealable, and such orders are "not subject to interlocutory appeal" unless it is an order appointing a receiver. TEX. FAM. CODE ANN. § 6.507 (West 2020); *Perkins v. Perkins*, No. 03-21-00135-CV, 2021 WL 2816008, at *1 (Tex. App.—Austin July 7, 2021, pet. denied). Thus, a court of appeals does not have jurisdiction to entertain an appeal from an interlocutory temporary order when, as here, the order is made in a suit for the dissolution of the marriage, and it is not an order appointing a receiver. *See* FAM. 6.507; *Dancy v. Daggett*, 815 S.W.2d 548, 549 (Tex. 1991); *Perkins*, 2021 WL 2816008, at *1. Accordingly, we must dismiss his appeal.[1] *See* TEX. R. APP. P. 42.3(a); *Perkins*, 2021 WL 2816008, at *1–2.

We dismiss this appeal for want of jurisdiction.


W. BRUCE WILLIAMS
JUSTICE


August 21, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]We note that, even if the trial court's order was appealable, Appellant filed his pro se notice of appeal 142 days after the trial court signed the order. Absent a timely notice of appeal, this court is without jurisdiction to consider an appeal. *See* TEX. R. APP. P. 26.1; *see also Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005); *Garza v. Hibernia Nat'l Bank*, 227 S.W.3d 233, 233–34 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *see Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).