# Supreme Court of Texas

No. 20-0384

In re Christianson Air Conditioning & Plumbing, LLC and Continental Homes of Texas, LP,

*Relators*

On Petition for Writ of Mandamus

**Argued September 28, 2021**

JUSTICE BUSBY delivered the opinion of the Court, in which Chief Justice Hecht, Justice Lehrmann, Justice Devine, Justice Blacklock, Justice Bland, Justice Huddle, and Justice Young joined, and in which Justice Boyd joined except as to Part II.B.

This petition for writ of mandamus concerns the scope of available discovery regarding personal jurisdiction under Texas Rule of Civil Procedure 120a. After the parties failed to agree on the scope of two corporate representative depositions, the trial court granted a motion to compel the depositions on a list of thirty topics proposed by the plaintiffs. The court of appeals granted mandamus relief for the nonresident defendant, concluding that the trial court abused its discretion when it compelled discovery on certain topics that touched both jurisdictional and merits issues. The plaintiffs seek mandamus relief from this Court,

contending that—at least where specific jurisdiction is asserted—Rule 120a discovery need not relate *exclusively* to the jurisdictional issue. We agree.

Neither the text of Rule 120a nor our cases support the court of appeals' position. The trial court did not abuse its discretion simply by compelling discovery on jurisdictional topics that overlap with the merits. Rather, we hold that trial courts should apply the following standard: the information sought must be essential to prove at least one part of the plaintiff's theory of personal jurisdiction. In addition, general principles that limit the scope of discovery apply equally to jurisdictional discovery. We conditionally grant mandamus relief, direct the court of appeals to vacate its mandamus order, and instruct the trial court to apply these standards to the particular deposition topics that remain in dispute.

## BACKGROUND

The underlying suit concerns water leaks from plastic pipe made of crosslinked polyethylene, commonly known as PEX. The relators—Texas plumbing installer Christianson Air Conditioning and Plumbing, LLC and homebuilder Continental Homes of Texas, LP (together "Christianson")—sued Indiana pipe manufacturer NIBCO, alleging that NIBCO-branded PEX leaked after Christianson installed it in thousands of Central Texas homes built by Continental and others. Christianson also brought claims for strict products liability, negligence, and fraud—among others—against the real party in interest, Canadian engineering firm Jana Corporation. Christianson alleged that NIBCO

2

hired Jana to reformulate NIBCO's defective PEX pipe and to maintain certification of the pipe in the Texas market.

Jana filed a special appearance to contest personal jurisdiction under Texas Rule of Civil Procedure 120a, asserting that Christianson could not establish minimum contacts between Jana and Texas. In response to Jana's special appearance, Christianson moved for a continuance and to compel jurisdictional discovery.

While Jana's special appearance and Christianson's motions were pending, the parties entered into a Rule 11 agreement. Jana agreed to make two of its executives—Wayne Bryce and Ken Oliphant—available for corporate representative depositions related to the special appearance, but the parties did not reach complete agreement on the scope of the depositions.

At the trial court hearing on Christianson's motion to compel, Christianson proposed an amended list of thirty deposition topics. Jana argued that the topics impermissibly touched the merits of the case. The trial court received supplemental briefing after the hearing and granted Christianson's motion to compel, ordering that the depositions cover all thirty topics. Jana then filed a petition for writ of mandamus in the Third Court of Appeals, challenging nine of the deposition topics. The court of appeals granted Jana mandamus relief on eight of the nine topics, holding that the trial court abused its discretion because jurisdictional discovery "must relate exclusively to the jurisdictional question." *In re Jana Corp.*, 628 S.W.3d 526, 528, 530 (Tex. App.—Austin 2020, orig. proceeding).

3

Christianson then filed a petition for writ of mandamus in this Court, arguing that the trial court did not abuse its discretion when it ordered jurisdictional discovery that overlapped with the merits. In Christianson's view, overlap between jurisdictional and merits issues is inevitable when a plaintiff seeks discovery regarding a defendant's forum contacts related to the litigation.

Christianson challenges the court of appeals' holding as to six specific topics. The topics that remain in dispute are:

No. 17: JANA's studies, tests, investigations and assessments of NIBCO's PEX 1006 as it relates to the performance of NIBCO PEX 1006 in field conditions in Texas.

No. 18: JANA's studies, tests, investigations, and assessments of PE and PEX generally as it relates to the performance of PE and PEX in field conditions in Texas.

No. 21: JANA's efforts to assist NIBCO in maintaining certification for the sale of NIBCO PEX products at issue in this lawsuit which caused injury to the Plaintiff in Texas.

No. 24: JANA's knowledge of problems with PEX pipe sold by NIBCO and CPI (e.g., leaks, cracks, failures, pinhole leaks, oxidative failure, outside diameter, certain failures to meet ASTM 876 and F2023, variability in the PEX pipe, aggressive environments, etc.) at issue in this lawsuit which caused injury to the Plaintiff in Texas.[1]

No. 27: JANA's knowledge and impact of conditions, including but not limited to, high temperature, high pressure, hot chlorinated water, level of antioxidants, level

_____

[1] CPI is a prior owner of NIBCO's PEX product line.

4

of cross-linking, levels of stabilization, electronic beaming, oxidative degradation, and UV radiation on PEX pipe such as the NIBCO PEX products at issue in this lawsuit with end use or field conditions like those in Texas.

No. 30: JANA's testing, inspection, investigation and assessment of any failed NIBCO PEX products at issue in this lawsuit.

## ANALYSIS

### I.      Discovery under Rule 120a is limited to information essential to the plaintiff's theory of personal jurisdiction.

To determine the scope of available discovery regarding personal jurisdiction, we begin with the relevant rule. Texas Rule of Civil Procedure 120a addresses the procedures for making and contesting special appearances. Among other things, the rule sets out the materials that may form the basis of a trial court's ruling on a special appearance: "the pleadings, any stipulations made by and between the parties, such affidavits and attachments as may be filed by the parties, the results of discovery processes, and any oral testimony." TEX. R. CIV. P. 120a(3). We have described "relevant discovery" as "a vital part of resolving a special appearance." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 307 (Tex. 2004).

When a party opposing a special appearance lacks "facts essential" to its opposition, a trial court may order a continuance to allow the party to obtain jurisdictional discovery. TEX. R. CIV. P. 120a(3) ("Should it appear from the affidavits of a party opposing the motion that he cannot . . . present by affidavit facts essential to justify his opposition, the court may order a continuance to permit affidavits to be

5

obtained or depositions to be taken or discovery to be had or may make such other order as is just."). Continuances for jurisdictional discovery are reviewed under an abuse-of-discretion standard. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002) (concluding trial court did not abuse its discretion by denying party's motion for continuance to conduct further jurisdictional discovery where party had "ample time to conduct, and did conduct, discovery"); *see Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986).

Though the text of Rule 120a does not address the scope of jurisdictional discovery directly, its "essential" facts standard for a continuance is informative, and our prior cases have suggested some further guiding principles. In *In re Doe*, we observed that "[d]iscovery is limited to matters directly relevant" to the jurisdictional issue. 444 S.W.3d 603, 608 (Tex. 2014) (orig. proceeding). Thus, in the jurisdictional context, it is not enough that the discovery "is reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a). Rather, the discovery must target evidence that would make a disputed fact "of consequence in determining" the jurisdictional issue "more or less probable." TEX. R. EVID. 401. Merits discovery on matters not directly relevant to jurisdiction should be taken only after a special appearance is denied. *Dawson–Austin v. Austin*, 968 S.W.2d 319, 321, 323 (Tex. 1998); *see* TEX. R. CIV. P. 120a(2) ("Any motion to challenge the jurisdiction provided for herein shall be heard and determined before a motion to transfer venue or any other plea or pleading may be heard.").

Nothing in Rule 120a or our cases suggests that jurisdictional discovery must relate *exclusively* to the jurisdictional question, as the

6

court of appeals held. To the contrary, we have indicated that jurisdictional discovery may overlap with merits issues in certain circumstances. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554–55 (Tex. 2000) (comparing evidentiary inquiry to establish personal jurisdiction with similar inquiries—such as challenges to standing—that serve as "prerequisite[s] to the plaintiff's presentation of its substantive claims"). Indeed, Rule 120a itself recognizes that issues of fact determined in a special appearance may also be relevant to the merits, as it expressly leaves those issues open for redetermination at the merits stage. *See* TEX. R. CIV. P. 120a(2) ("No determination of any issue of fact in connection with the objection to jurisdiction is a determination of the merits of the case or any aspect thereof.").

Particularly when a plaintiff asserts a theory of specific personal jurisdiction, information that is essential in determining whether the required "connection between the defendant, the forum, and the litigation"[2] exists may also be relevant to the merits. For example, if a plaintiff sues a nonresident manufacturer or non-manufacturing seller under the Texas Products Liability Act and alleges specific jurisdiction under a stream-of-commerce-plus theory, the plaintiff must show that the defendant placed a product in the stream of commerce to satisfy elements of both the jurisdictional theory and the statutory standard for liability on the merits. *See* TEX. CIV. PRAC. & REM. CODE § 82.001; *Asahi Metal Indus. Co. v. Superior Ct.*, 480 U.S. 102, 112 (1987) (plurality opinion). Discovery about placement of the product in the stream of

---

[2] *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 584 (Tex. 2007).

7

commerce, if disputed, should not be disallowed merely because that discovery is also relevant to whether the defendant qualifies as a statutory seller.

Rule 120a's "facts essential" phrase has provided a workable standard for managing discovery in the summary judgment context under both Texas Rule of Civil Procedure 166a(g) and Federal Rule of Civil Procedure 56(d).[3] Courts have not construed the phrase "facts essential" in our Rule 166a(g) to mean exclusive. Rather, an "essential" fact is one necessary to resolve the issue at hand;[4] thus, "facts essential" to one issue may also be relevant to another. Likewise, the Supreme Court of the United States has interpreted Federal Rule 56(d) to provide "limited discovery . . . for the purpose of showing facts *sufficient* to withstand a summary judgment motion." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 265 (1968) (emphasis added). Like "necessary," "sufficient" does not indicate exclusivity.

Because neither Rule 120a nor *Doe* imposes an exclusivity requirement, the trial court did not abuse its discretion simply because

---

[3] *See* TEX. R. CIV. P. 166a(g) ("Should it appear from the affidavits of a party opposing the motion [for summary judgment] that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."); FED. R. CIV. P. 56(d)(2) ("If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: . . . allow time . . . to take discovery . . . .").

[4] *See Essential*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("1. Of, relating to, or involving the essence or intrinsic nature of something. 2. Of the utmost importance; basic and necessary.").

8

it ordered jurisdictional depositions on topics that also touched merits issues. "Essential" (Rule 120a(3)) and "directly relevant" (*Doe*) are useful starting points for analyzing the scope of jurisdictional discovery.

Courts must apply these standards with the disputed issues firmly in mind. Thus, we hold that information sought in jurisdictional discovery must be essential to prove at least one disputed factor that is necessary to the plaintiff's proposed theory or theories of personal jurisdiction.[5] Discovery is not available at the special appearance stage on any factor that is undisputed, as it is not essential to the plaintiff's opposition.

General principles that limit the scope of discovery also apply equally to jurisdictional discovery. For example, discovery "should be limited by the court if it determines" that the "discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient," or if "the burden . . . outweighs its likely benefit." TEX. R. CIV. P. 192.4. Similarly, discovery requests must be "reasonably tailored" and not "overbroad." *In re CSX Corp.*, 124 S.W.3d 149, 152–53 (Tex. 2003) (orig. proceeding). Requests must be "proportional," *In re State Farm Lloyds*, 520 S.W.3d 595, 599 (Tex. 2017) (orig. proceeding), and not "overly burdensome," *In re Weekley Homes, L.P.*, 295 S.W.3d 309, 315 (Tex. 2009) (orig. proceeding).

---

[5] *See In re Perl*, No. 05-20-00170-CV, 2020 WL 2847533, at *6 (Tex. App.—Dallas June 2, 2020, orig. proceeding) (mem. op.) (rejecting jurisdictional interrogatories not "confined to any of the three purposeful availment factors: Relators' own activities, aimed at Texas, or the specific benefit, advantage, or profit Relators would earn from a Texas relationship").

**II.    Although the disputed deposition topics include matters essential to Christianson's theory of personal jurisdiction over Jana, they are not tailored to cover only those matters.**

**A.    Defining the essential topics**

Applying these principles here, the record shows that Christianson is using a stream-of-commerce-plus theory to argue that Texas courts have specific personal jurisdiction over Jana in this suit. Christianson's challenged jurisdictional discovery must therefore seek facts essential to prove at least one disputed part of that theory.

The Due Process Clause of the U.S. Constitution imposes no obstacle to a Texas court's exercise of personal jurisdiction over a nonresident defendant if that defendant has minimum contacts with the State and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *BMC Software*, 83 S.W.3d at 795 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). These constitutional requirements are the reason that courts must guard the boundaries of jurisdictional discovery carefully, keeping in mind that they cannot constitutionally exercise jurisdiction over a defendant challenging jurisdiction unless the plaintiff proves these requirements. This Court "has repeatedly emphasized that discovery may not be used as a fishing expedition," and ensuring that "requests [are] reasonably tailored to include only matters relevant to" the disputed issues is particularly important in the jurisdictional context. *In re Am. Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding) (per curiam).

A nonresident defendant's contacts may give rise to either general or specific jurisdiction. *Guardian Royal Exch. Assurance, Ltd. v. Eng.*

*China Clays, P.L.C.*, 815 S.W.2d 223, 227–28 (Tex. 1991). General jurisdiction requires that a defendant be "essentially at home" in the forum State. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Specific jurisdiction exists when (1) the defendant has "made minimum contacts with Texas by purposefully availing itself of the privilege of conducting activities [in the state]," and (2) the defendant's potential liability arose from or is related to those contacts. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007). Because specific jurisdiction is at issue here, we examine these two elements in turn.

To show purposeful availment, a plaintiff must prove that a nonresident defendant seeks a benefit, advantage, or profit from the forum market. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Only the defendant's contacts are relevant, not the unilateral activity of another party or third person. And those contacts "must be purposeful rather than random, fortuitous, or attenuated." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013) (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009)). In products liability cases, showing that the defendant placed the product in the stream of commerce is not alone sufficient to establish purposeful availment; some additional conduct or "plus factor"—such as design for use in the target market—must also be shown. *See Asahi*, 480 U.S. at 112 (explaining that "[a]dditional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State"); *Spir Star AG v. Kimich*, 310 S.W.3d 868, 873 (Tex.

11

2010); *see also Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 18 (Tex. 2021) ("Additional conduct that [the defendant] tapped into the Texas market is evinced by its use of a Texas distribution center and a Texas sales representative to create a market to sell to local installers.").

Turning to relatedness, a plaintiff must demonstrate a "substantial connection" between the "defendant's forum contacts . . . and the operative facts of the litigation." *Moki Mac*, 221 S.W.3d at 585. A special appearance must be granted when this connection is "too attenuated to satisfy specific jurisdiction's due-process concerns." *Id.* at 588. The foreseeability of litigation in the forum is relevant in determining whether a substantial connection exists. *Guardian Royal*, 815 S.W.2d at 227.

Here, the parties' dispute concerns the permissible scope of corporate representative depositions, a matter that courts commonly address on a topic-by-topic basis. Given the theory of specific jurisdiction that Christianson asserts, each topic must target discovery that is essential to prove (1) Jana's purposeful availment (placement in the stream and "additional conduct") or (2) relatedness (substantial connection between the forum contacts and the litigation). A proper topic need not be essential to all disputed factors simultaneously.[6]

---

[6] We have not required plaintiffs to use the same evidence to prove all disputed elements. *See Luciano*, 625 S.W.3d at 17 (rejecting "conflat[ion of] the purposeful-availment inquiry and the relatedness inquiry," which are "two co-equal components" of specific jurisdiction (quoting *Moki Mac*, 221 S.W.3d at 579)); *id.* at 18 ("[I]f the actionable conduct occurs in Texas, we have never required that the lawsuit also arise directly from the nonresident defendant's additional conduct."). Thus, for example, a proper topic may seek facts essential to prove "additional conduct" without also seeking facts essential to

The six deposition topics currently in dispute encompass some matters that are essential to prove purposeful availment or relatedness under Christianson's stream-of-commerce-plus theory of personal jurisdiction. But they also include matters that are not essential in determining either factor, and they are overbroad and duplicative in certain respects. We do not fault the parties or the trial court for failing to anticipate the contours of the approach we have articulated today. Rather, we conclude that the parties should have an opportunity to discuss and reformulate the six topics with this approach in mind, and the trial court should have the opportunity in the first instance to rule on any disputes that remain.

## B.    Tailoring the topics

To assist in this effort, we observe that the current deposition topics regarding Jana's alleged design and compliance services could include questions essential in determining whether Jana engaged in additional conduct indicating its purpose to serve the Texas market under the stream-of-commerce-plus theory. Christianson claims that its proposed discovery seeks information about "Jana's role in the reformulation project and in maintaining certification," as well as Jana's knowledge of "product needs" in Texas. Questions that target whether Jana had such knowledge and used it to reformulate products for the Texas market are essential to determine whether Jana's actions meet the plus factor of "designing the product for the market in the forum

---

"placement" of the product in the stream of commerce, or facts that tie the additional conduct causally to the litigation.

13

State." *Asahi*, 480 U.S. at 112. But Christianson's topics regarding Jana's general knowledge or activities do not seek essential information. And questions regarding any other party's intent to target the Texas market are not relevant because that intent cannot be imputed to Jana.

Importantly, simply inserting the phrase "in Texas" or "in Texas field conditions" into a topic does not make it essential to prove specific jurisdiction. Knowledge of how a product works "in Texas"—the subject of one disputed topic—is akin to "awareness that the stream of commerce may or will sweep the product into the forum State," which is an insufficient basis for specific jurisdiction. *See id.* Jana's knowledge of, or tests concerning, how a product at issue functions in Texas field conditions may be essential in determining purposeful availment under a stream-of-commerce-plus theory if such knowledge or tests are tied to Jana's intent to target the market in Texas. *See id.* Likewise, any design work that Jana did using knowledge of Texas field conditions may be essential in determining whether there is a substantial connection between Jana's alleged contacts and Christianson's claims against it. But mere general awareness of a range of conditions within which a product must operate does not itself show a purpose to serve all markets in which those conditions exist.

Moreover, applying general discovery principles, the disputed topics are too broad. *See CSX*, 124 S.W.3d at 152–53. Though deposition topics—by their nature—may be broader in scope than individual deposition questions or interrogatories, the principle that discovery

14

requests should not be overbroad nevertheless applies.[7]  *See id.* at 153 (noting that we have not "identified different standards for evaluating various discovery methods") (citing *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996)); *In re Allstate Fire & Cas. Ins. Co.*, 617 S.W.3d 635, 643–44, 47 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding) (concluding that some deposition topics at issue were "broad enough to encompass other matters irrelevant to the underlying . . . claim").  The topics should be tailored to provide further limitations as to time and subject matter.  *See CSX*, 124 S.W.3d at 153 (citing *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995)).

Finally, some of the disputed topics are cumulative or duplicative of topics that the parties do not dispute.  *See* Tex. R. Civ. P. 192.4. Taking the total list of thirty proposed topics into consideration, some disputed topics target information already accessible through topic 19, which includes "Jana's participation in studies, tests, investigations and assessments of the performance of plastic tubing in Texas."  The mandamus record does not indicate that Jana challenged topic 19. Studies, tests, and investigations related to the performance of "plastic tubing" could include the same studies, tests, and investigations sought in topics 17, 18, and 30.  Whether that overlap constitutes "*unreasonably* cumulative or duplicative" discovery is a question for the trial court.  *See* Tex. R. Civ. P. 192.4 (emphasis added).

---

[7] We recognize that it is common practice to provide topics rather than individual questions when noticing the depositions of corporate representatives, and we do not disturb this general practice.  But in contexts such as jurisdictional disputes where the availability of discovery is limited, topics should be tailored to take those limits into account.

## III.    Mandamus relief is proper.

Having concluded that the court of appeals clearly erred in restricting discovery more than Rule 120a requires, we next consider whether mandamus relief is a proper remedy. We review a court of appeals' issuance of a writ of mandamus for an abuse of discretion, but in doing so our focus remains on the trial court's order. *In re Turner*, 591 S.W.3d 121, 124 (Tex. 2019) (orig. proceeding) (citing *In re State*, 556 S.W.3d 821, 826 (Tex. 2018) (orig. proceeding)). A court of appeals may issue a writ of mandamus only if the trial court abused its discretion and there is no adequate remedy by appeal. *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). "If the trial court did not abuse its discretion, then the court of appeals erred in granting mandamus relief." *In re Am. Homestar of Lancaster, Inc.*, 50 S.W.3d 480, 483 (Tex. 2001) (orig. proceeding) (citing *Johnson*, 700 S.W.2d at 917); *see also In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding); *Scott v. Twelfth Ct. of Appeals*, 843 S.W.2d 439, 440 (Tex. 1992) (orig. proceeding).

As we have explained, the trial court did not abuse its discretion for the reason identified by the court of appeals. We conclude that the court of appeals erred when it held that discovery on eight of the nine disputed deposition topics should be denied because Rule 120a(3) discovery must relate exclusively to the jurisdictional issue. Therefore, mandamus relief is proper.

CONCLUSION

Because the court of appeals' grant of mandamus relief narrowing Christianson's jurisdictional discovery was based on a legally incorrect understanding of the available scope of discovery, we conditionally grant mandamus relief to Christianson. We direct the court of appeals to vacate its mandamus order, and we instruct the trial court to apply the standards explained above to the six deposition topics that remain in dispute. Our writ will issue only if the court of appeals fails to act in accordance with this opinion.

J. Brett Busby
Justice

**OPINION DELIVERED:** February 4, 2022